| PROB 22 (Rev. 2/88) **TRANSFER OF JURISDICTION** | DOCKET NUMBER *(Tran. Court)* 1:04CR10230-01-JLT |
|---|---|
| | DOCKET NUMBER *(Rec. Court)* |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: Charles Patel, Jr. | DISTRICT DISTRICT OF MASSACHUSETTS | DIVISION Boston |
|---|---|---|
| E filing | NAME OF SENTENCING JUDGE Joseph L. Tauro | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM January 19, 2008  January 19, 2011 |

| OFFENSE Cts. 1 & 2: Bank Fraud, 18 U.S.C. § 1344(1) | CR 08   0261 |
|---|---|

**PART 1 - ORDER TRANSFERRING JURISDICTION**

**WHA**

UNITED STATES DISTRICT COURT FOR THE "DISTRICT OF MASSACHUSETTS"

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Northern District of California upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

3/20/08
*Date*

*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

4/15/08
*Effective Date*

*United States District Judge*

CR08-0261/ WHA

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **04**CR **1 0 2 3 0** JLT |
|  | ) | CRIMINAL NO. _____ |
| v. | ) | VIOLATIONS: |
|  | ) |  |
| CHARLES PATEL, JR. | ) | 18 U.S.C. § 1344(1) (Bank Fraud) |
| a/k/a CHANDRAKANT PATEL, JR. | ) | 18 U.S.C. § 982(a)(2)(A) (Criminal |
| a/k/a CHANDU PATEL | ) | Forfeiture) |
| a/k/a CHANDO PATEL | ) |  |
|  | ) |  |

### INDICTMENT

The Grand Jury Charges:

### INTRODUCTION

At times material to this indictment:

1.    Defendant CHARLES PATEL, JR., a/k/a CHANDRAKANT PATEL, JR., a/k/a CHANDU PATEL, a/k/a CHANDO PATEL ("PATEL"), was an individual living in California.

2.    PATEL was the CEO of Guacamole's Cantina, Inc. and the President of B.N.J. Restaurants, Inc., both California corporations. He also owned Milanos Italian Kitchen, a restaurant at 47 Newbury Street, Boston, Massachusetts.

3.    PATEL controlled the Guacamole's Cantina accounts at Bank Boston, in Boston, Massachusetts ("the Bank Boston account"), at Wells Fargo Bank, in San Carlos, California ("the Wells Fargo account"), and at Pan American Bank, in San Carlos,

that the foregoing document is true and correct copy of the electronic docket in the captioned case electronically filed original filed on original filed in my office on 8/4/2004 Sarah A. Thornton Clerk, U.S. District Court District of Massachusetts By Deputy Clerk

California ("the Pan American account"). He also controlled the B.N.J. Restaurants, Inc. account at Citizens Bank, in Boston ("the Citizens Account").

4.     PATEL's distant relative and business partner, Manojkumar Patel, controlled the Big Red Bird account at Carolina First Bank, in Columbia, South Carolina ("the Carolina First Account"). Manojkumar Patel made deposits into and wrote checks out of this account when PATEL instructed him to do so.

5.     Bank Boston, Wells Fargo, Pan American, Citizens, and Carolina First ("the five banks") were all banks whose deposits the Federal Deposit Insurance Corporation ("FDIC") insured.

6.     The five banks all had similar systems for processing checks deposited into their accounts. The bank at which the customer deposited the check would forward it to a processing center, which would then present the check to its bank of origin. The bank of origin would then transfer the dollar amount written on the check from the check writer's account to the bank where the check was deposited, and the check would "clear." There was generally a delay of several days between the deposit date and the date the check cleared.

7.     It was the practice of the five banks to give established commercial accounts next-day credit for checks deposited into those accounts, without waiting for the checks to clear. In doing so, the banks were crediting the customer before verifying that the check writer's account had a sufficient balance to allow the check-writer's bank to

2

honor the check. The five banks extended this kind of next-day credit to PATEL's business accounts.

8.    Taking advantage of the banks' credit policies, PATEL executed the first portion of his "check kite" scheme during the approximately one-month period between early January, and early February, 1999. By writing and depositing approximately 67 checks back and forth between the Bank Boston and Wells Fargo accounts during this one-month period, PATEL was able to fraudulently inflate his balance at both banks, thereby misrepresenting the amount of money available in his accounts. During the period that his check kiting had inflated the bank balances, PATEL transferred out of these two accounts money that he later took as cash or used to pay various expenses. When the banks discovered PATEL's check kite scheme, Bank Boston was left with a loss of approximately $171,273.

9.    After Bank Boston and Wells Fargo discovered the check kite scheme, PATEL agreed to repay to Bank Boston the $171,273 he had fraudulently obtained. From February 1999 through May 1999, PATEL did repay approximately $90,759 of this money. He made no further payments, however, and never repaid the remaining $80,514 that he had fraudulently obtained.

10.    The payments PATEL did make to Bank Boston from February 1999 through May 1999 all came in the form of checks from the Pan American account. At approximately the time PATEL made his last payments to Bank Boston, May 1999, he

3

began the second phase of his check kite scheme, by writing and depositing, or causing others to write and deposit checks back and forth between the Pan American, Citizens, and Carolina First accounts. In doing so, PATEL was able to fraudulently inflate the balances in all three accounts, thereby misrepresenting the amount of money available in each account.

11.     When Pan American Bank closed his account because of concerns about check kiting, PATEL continued kiting in the Citizens and Carolina First accounts.

4

<u>COUNT ONE</u>
Bank Fraud
(18 U.S.C. §1344(1))

12.    The Grand Jury realleges and incorporates by reference the allegations set

forth in paragraphs 1- 11 above, and further charges:

13.    Between approximately January, 1999 and approximately February, 1999,

in the District of Massachusetts and elsewhere,

CHARLES PATEL, JR.
a/k/a CHANDRAKANT PATEL, JR.
a/k/a CHANDU PATEL
a/k/a CHANDO PATEL

knowingly executed and attempted to execute a scheme to defraud Bank Boston and

Wells Fargo Bank, both federally insured financial institutions.

14.    PATEL accomplished this scheme by the following means:

a.    He wrote checks from the Bank Boston account knowing that the true

balance in the account would be insufficient to cover the checks when they

were presented to the bank for payment.

b.    PATEL deposited, and caused to be deposited, the checks he wrote from the

Bank Boston account into the Wells Fargo account, knowing that Wells

Fargo would immediately credit the account for these deposits.

5

c.    PATEL would then write checks from the Wells Fargo account knowing that the true balance in the account would be insufficient to cover the checks when they were presented to the bank for payment.

d.    PATEL deposited, and caused to be deposited, the checks he wrote from the Wells Fargo account into the Bank Boston account, knowing that Bank Boston would immediately credit the account for these deposits.

e.    PATEL synchronized his deposit of Wells Fargo checks into the Bank Boston account so that, when Bank Boston immediately credited his account for these deposits, the account would appear to have a balance high enough to cover the Bank Boston checks he had deposited at Wells Fargo.

f.    Similarly, PATEL synchronized his deposit of Bank Boston checks into the Wells Fargo account so that, when Wells Fargo immediately credited his account for these deposits, the account would appear to have a balance high enough to cover the Wells Fargo checks he had deposited at Bank Boston.

g.    In this way, PATEL was able to artificially inflate his balances and materially misrepresent the amount of money available in his accounts. The banks, therefore, honored the checks that PATEL wrote during the kite period, even though his accounts did not actually have funds to cover them.

h.    From approximately January 1, 1999 through February 3, 1999, PATEL deposited approximately $2,066,726 into the two accounts, of which

6

approximately $1,911,294, or more than 92%, came from checks written and deposited back and forth between the two accounts.

i.    By creating the false appearance that his accounts had money in them when in fact they did not, PATEL was able to withdraw money from his accounts although they actually had negative balances. In this way, he obtained and used money belonging to Bank Boston and Wells Fargo. He transferred this money to other accounts he controlled and then withdrew some of it as cash and used the rest for various expenses.

j.    When the banks discovered PATEL's check kite scheme, Bank Boston was left with a loss of approximately $171,273.

All in violation of 18 U.S.C. § 1344(1) and 18 U.S.C. § 2.

7

## COUNT TWO
### Bank Fraud
### (18 U.S.C. §1344(1))

15.    The Grand Jury realleges and incorporates by reference the allegations set

forth in paragraphs 1- 11 above, and further charges:

16.    Between approximately May, 1999 and approximately November, 1999, in

the District of Massachusetts and elsewhere,

### CHARLES PATEL, JR.
### a/k/a CHANDRAKANT PATEL, JR.
### a/k/a CHANDU PATEL
### a/k/a CHANDO PATEL

knowingly executed and attempted to execute a scheme to defraud Pan American Bank,

Citizens Bank, and Carolina First Bank, all federally insured financial institutions.

17.    PATEL accomplished this scheme by the following means:

a.    He wrote checks from the Pan American account, knowing that the true

balance in this account would be insufficient to cover the checks when they

were presented to the originating bank for payment.

b.    PATEL deposited, and caused to be deposited, each check into the Citizens

or Carolina First accounts, knowing that the bank into which they were

deposited would immediately credit the account for these deposits.

c.    PATEL would then write, and cause others to write checks from the

Citizens or Carolina First accounts, knowing that the true balance in these

8

account would be insufficient to cover the checks when they were presented to the originating bank for payment.

d.    PATEL deposited, and caused to be deposited, the checks he wrote from the Citizens or Carolina First accounts into the Pan American account, knowing that Pan American would immediately credit the account for these deposits.

e.    PATEL synchronized his deposit of Citizens and Carolina First checks into the Pan American account so that, when Pan American immediately credited his account for these deposits, the account would appear to have a balance high enough to cover the Pan American checks he had deposited at Citizens and Carolina First.

f.    Similarly, PATEL synchronized his deposit of Pan American checks into the Citizens and Carolina First accounts so that, when Citizens and Carolina First immediately credited his account for these deposits, the accounts would appear to have a balance high enough to cover the checks he had deposited at Pan American.

g.    PATEL followed this pattern of synchronized incoming and outgoing checks with all three accounts – Pan American, Citizens, and Carolina First.

h.    In this way, PATEL was able to artificially inflate his balances and materially misrepresent the amount of money available in his accounts. The

9

banks, therefore, honored the checks that PATEL wrote during the kite
period, even though his accounts did not actually have funds to cover them.

i. By creating the false appearance that his accounts had money in them when
in fact they did not, PATEL was able to withdraw money from his accounts
although they actually had negative balances. In this way, he obtained and
used money belonging to Pan American, Citizens, and Carolina First banks.

All in violation of 18 U.S.C. § 1344(1) and 18 U.S.C. § 2

10

## NOTICE OF ADDITIONAL FACTORS

The Grand Jury further charges:

18.    PATEL's bank fraud scheme caused a loss of more than $120,000, as
described in U.S.S.G. § 2F1.1(b)(1)(H).

19.    PATEL's bank fraud scheme involved more than minimal planning, as
described in U.S.S.G. § 2F1.1(b)(2)(A).

20.    PATEL's executed his bank fraud scheme while on presentence release, as
described in 18 U.S.C. § 3147 and U.S.S.G. § 2J1.7.

## FORFEITURE ALLEGATIONS
(18 U.S.C. § 982(a)(2)(A))

21.   As a result of the offense in violation of 18 U.S.C. § 1344 charged in Count

One of this Indictment, the defendant,

### CHARLES PATEL, JR.
### a/k/a CHANDRAKANT PATEL, JR.
### a/k/a CHANDU PATEL
### a/k/a CHANDO PATEL

shall forfeit all property, real and personal, constituting, or derived from, proceeds

obtained directly or indirectly, as the result of such violation, up to a value of $80,404.

22.   If any of the above-described forfeitable property, as a result of any act or

omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without
    difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of

any other property of said defendant up to the value of the above forfeitable property.

All in violation of 18 U.S.C. § 982.

12

A TRUE BILL

Foreperson of the Grand Jury

Assistant United States Attorney

DISTRICT OF MASSACHUSETTS                    August ____, 2004

Returned into the District Court by the Grand Jurors and filed.

Deputy Clerk

13

AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
                   Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
District of Massachusetts

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | |
| **CHARLES PATEL, JR.** | Case Number: **1: 04 CR 10230  - 01  - JLT** |
| | USM Number: 11431-026 |
| | Robert Peabody, Esq. |

Defendant's Attorney

☐ Additional documents attached

☐

**THE DEFENDANT:**

☑ pleaded guilty to count(s)     1 and 2 on 1/18/2008.

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:                    Additional Counts - See continuation page ☐

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1344(1) | BANK FRAUD | 11/30/99 | 1,2 |

The defendant is sentenced as provided in pages 2 through _____10_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is  ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

01/18/08

Date of Imposition of Judgment

_Signature of Judge_

The Honorable Joseph L. Tauro

Judge, U.S. District Court

Name and Title of Judge

1/29/08

Date

I hereby certify on _____ that the foregoing document is true and correct copy of the electronic docket in the captioned case
☐ electronically filed original filed on
☒ original filed in my office on 7/29/2008
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
                  Sheet 2 - D. Massachusetts - 10/05

DEFENDANT:    **CHARLES PATEL, JR.**                    Judgment — Page __2__ of __10__
CASE NUMBER: **1: 04 CR 10230  - 01  - JLT**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of:              time served

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m.    ☐ p.m.    on _____ .
    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 - D. Massachusetts - 10/05

Judgment—Page  3  of  10

DEFENDANT:   **CHARLES PATEL, JR.**                    ■
CASE NUMBER: **1: 04 CR 10230  - 01  - JLT**

**SUPERVISED RELEASE**   ☑ See continuation page

Upon release from imprisonment, the defendant shall be on supervised release for a term of :    3  year(s)

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed  104  tests per year, as directed by the probation officer.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
                Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

DEFENDANT:   **CHARLES PATEL, JR.**                          Judgment—Page ___4___ of ___10___
CASE NUMBER: **1: 04 CR 10230  - 01  - JLT**

## ADDITIONAL ☑ SUPERVISED RELEASE ☐ PROBATION TERMS

1. The defendant shall pay restitution in the amount of $80,404.00 according to a court-ordered repayment schedule.

2. The defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the Probation Office while any financial obligations remain outstanding.

3. The defendant is to provide the Probation Office access to any requested financial information, which may be shared with the Financial Litigation Unit of the U.S. Attorney's Office.

4. The defendant shall use his true name and is prohibited from the use of any false identifiying information which includes, but is not limited to, any aliases, false dates of birth, false social security numbers, and incorrect places of birth.

**Continuation of Conditions of ☐ Supervised Release ☐ Probation**

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
                  Sheet 5 - D. Massachusetts - 10/05

|  | | | | | Judgment — Page | 5 | of | 10 |
|--|--|--|--|--|--|--|--|--|

DEFENDANT: **CHARLES PATEL, JR.**
CASE NUMBER: **1: 04 CR 10230 - 01 - JLT**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|--|--|--|--|
| **TOTALS**  $ | $200.00 | $        $5,000.00 | $    $80,404.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|--|--|--|--|
| Bank of America | | $80,404.00 | |

☐ See Continuation
Page

| **TOTALS** | $ _____ $0.00 | $ _____ $80,404.00 | |
|--|--|--|--|

☑ Restitution amount ordered pursuant to plea agreement  $ $80,404.00 _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☑ the interest requirement is waived for the    ☑ fine   ☑ restitution.

   ☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:                      .

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 - D. Massachusetts - 10/05

DEFENDANT:    **CHARLES PATEL, JR.**                    Judgment — Page ___6___ of ___10___
CASE NUMBER: **1: 04 CR 10230  - 01  - JLT**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☒ Lump sum payment of $ ___$200.00___    due immediately, balance due

      ☐ not later than _____ , or
      ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
      term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
      imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒ Special instructions regarding the payment of criminal monetary penalties:

      The defendant shall pay restitution according to a court ordered repayment plan the amount to be
      determined by the U.S. Probation Office.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several                                                            ☐ See Continuatio
                                                                                         Page

      Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
      and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B    (Rev. 06/05) Criminal Judgment
Attachment (Page 1) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT:    **CHARLES PATEL, JR.**                    ▪    Judgment — Page  7  of  10
CASE NUMBER: **1: 04 CR 10230  – 01  – JLT**
DISTRICT:        **MASSACHUSETTS**

## STATEMENT OF REASONS

**I    COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A ☐    The court adopts the presentence investigation report without change.

B ☐    The court adopts the presentence investigation report with the following changes.
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
(Use Section VIII if necessary.)

   1    ☐    **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

   2    ☐    **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

   3    ☐    **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

   4    ☐    **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C ☑    **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II    COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A ☐    No count of conviction carries a mandatory minimum sentence.

B ☐    Mandatory minimum sentence imposed.

C ☐    One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

   ☐    findings of fact in this case
   ☐    substantial assistance (18 U.S.C. § 3553(e))
   ☐    the statutory safety valve (18 U.S.C. § 3553(f))

**III    COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level:
Criminal History Category:
Imprisonment Range:            to        months
Supervised Release Range:            to        years
Fine Range: $        to  $
☐    Fine waived or below the guideline range because of inability to pay.

AO 245B (05-MA)    (Rev. 06/05) Criminal Judgment
Attachment (Page 2) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT:    **CHARLES PATEL, JR.**                                    ⊞                    Judgment — Page  8  of  10
CASE NUMBER: **1: 04  CR  10230  - 01  - JLT**
DISTRICT:            **MASSACHUSETTS**

## STATEMENT OF REASONS

**IV    ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

    A  ☐  The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

    B  ☐  The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.
           (Use Section VIII if necessary.)

    C  ☐  The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.
           (Also complete Section V.)

    D  ☐  The court imposed a sentence outside the advisory sentencing guideline system.  (Also complete Section VI.)

**V    DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

    A  **The sentence imposed departs** (Check only one.):
        ☐  below the advisory guideline range
        ☐  above the advisory guideline range

    B  **Departure based on** (Check all that apply.):

        1      **Plea Agreement** (Check all that apply and check reason(s) below.):
                ☐  5K1.1 plea agreement based on the defendant's substantial assistance
                ☐  5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
                ☐  binding plea agreement for departure accepted by the court
                ☐  plea agreement for departure, which the court finds to be reasonable
                ☐  plea agreement that states that the government will not oppose a defense departure motion.

        2      **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
                ☐  5K1.1 government motion based on the defendant's substantial assistance
                ☐  5K3.1 government motion based on Early Disposition or "Fast-track" program
                ☐  government motion for departure
                ☐  defense motion for departure to which the government did not object
                ☐  defense motion for departure to which the government objected

        3      **Other**
                ☐  Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

    C  **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 | Death | ☐ 5K2.11 | Lesser Harm |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 | Physical Injury | ☐ 5K2.12 | Coercion and Duress |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychological Injury | ☐ 5K2.13 | Diminished Capacity |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ 5K2.14 | Public Welfare |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ 5K2.16 | Voluntary Disclosure of Offense |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 | Weapon or Dangerous Weapon | ☐ 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ 5K2.18 | Violent Street Gang |
| ☐ | 5H1.11 | Military Record, Charitable Service, | ☐ | 5K2.8 | Extreme Conduct | ☐ 5K2.20 | Aberrant Behavior |
| | | Good Works | ☐ | 5K2.9 | Criminal Purpose | ☐ 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ | 5K2.0 | Aggravating or Mitigating Circumstances | ☐ | 5K2.10 | Victim's Conduct | ☐ 5K2.22 | Age or Health of Sex Offenders |
| | | | | | | ☐ 5K2.23 | Discharged Terms of Imprisonment |
| | | | | | | ☐ | Other guideline basis (e.g., 2B1.1 commentary) |

    D  **Explain the facts justifying the departure.** (Use Section VIII if necessary.)

AO 245B ( 05-MA)  (Rev. 06/05) Criminal Judgment
             Attachment (Page 3) — Statement of Reasons - D. Massachusetts 10/05

DEFENDANT:  **CHARLES PATEL, JR.**
CASE NUMBER: **1: 04 CR 10230  - 01  - JLT**
DISTRICT:  **MASSACHUSETTS**

Judgment — Page  9  of   10

## STATEMENT OF REASONS

VI   **COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

A   **The sentence imposed is** (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

B   **Sentence imposed pursuant to** (Check all that apply.):

    1   **Plea Agreement** (Check all that apply and check reason(s) below.):
       ☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
       ☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
       ☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline
          system

    2   **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
       ☐ government motion for a sentence outside of the advisory guideline system
       ☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
       ☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

    3   **Other**
       ☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

C   **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

  ☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
  ☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
  ☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
  ☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
  ☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner
    (18 U.S.C. § 3553(a)(2)(D))
  ☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
  ☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

D   **Explain the facts justifying a sentence outside the advisory guideline system.**  (Use Section VIII if necessary.)

AO 245B ( 05-MA) (Rev. 06/05) Criminal Judgment
    Attachment (Page 4) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT: **CHARLES PATEL, JR.**                  Judgment --- Page 10 of 10
CASE NUMBER: **1: 04 CR 10230  - 01  - JLT**
DISTRICT:           **MASSACHUSETTS**

# STATEMENT OF REASONS

## VII  COURT DETERMINATIONS OF RESTITUTION

A  ☐  Restitution Not Applicable.

B     Total Amount of Restitution:    80,404.00

C     Restitution not ordered (Check only one.):

    1  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

    2  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

    3  ☐  For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

    4  ☐  Restitution is not ordered for other reasons. (Explain.)

D  ☐  Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

## VIII  ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

THE COURT IMPOSED THE SENTENCE AFTER CONSIDERING ALL THE SURROUNDING CIRCUMSTANCES AND THE PROBATION DEPARTMENT'S DETERMINATION AS TO THE ADVISORY GUIDELINE RANGE.

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Defendant's Soc. Sec. No.:    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                  Date of Imposition of Judgment
                                                          01/18/08
Defendant's Date of Birth:    00/00/00

Defendant's Residence Address:  23 Chart House Lane        Signature of Judge
                                Foster City, CA 94404       The Honorable Joseph L. Tauro   Judge, U.S. District Co

Defendant's Mailing Address:                              Name and Title of Judge
                                                          Date Signed    1/29/08

CLOSED, VICTIM

# United States District Court
## District of Massachusetts (Boston)
## CRIMINAL DOCKET FOR CASE #: 1:04-cr-10230-JLT-1

Case title: USA v. Patel

Date Filed: 08/04/2004
Date Terminated: 01/29/2008

Assigned to: Judge Joseph L. Tauro

### Defendant (1)

**Charles Patel, Jr.**
*TERMINATED: 01/29/2008*
*also known as*
Chandrakant Patel, Jr
*TERMINATED: 01/29/2008*
*also known as*
Chandu Patel
*TERMINATED: 01/29/2008*
*also known as*
Chando Patel
*TERMINATED: 01/29/2008*

represented by **Robert L. Peabody**
Nystrom, Beckman & Paris
10 St. James Ave.
16th Floor
Boston, MA 02116
617-778-9103
Fax: 617-778-9110
Email: rpeabody@nbparis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Michael B Galvin**
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA 02210
617-371-1075
Fax: 617-371-1037
Email: mgalvin@dwyercollora.com
*TERMINATED: 05/09/2006*
*Designation: Retained*

**Sara E. Noonan**
Dwyer & Collora, LLP
12th Floor
600 Atlantic Avenue
Boston, MA 02210
617-371-1000
Fax: 617-371-1037
Email: senoonan@dwyercollora.com
*TERMINATED: 05/09/2006*

I hereby certify on _____ that the foregoing document is true and correct copy of the electronic docket in the captioned case
☐ electronically filed original filed
☐ original filed in my office on _____
Sarah A. Thornton,
Clerk U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk

Case 3:08-cr-00261-WHA    Document 2    Filed 07/11/2008    Page 26 of 35

*Designation: Retained*

## Pending Counts

18:1344 BANK FRAUD
(1-2)

## Disposition

The defendant is sentenced to: Time
served. Supervised Release for a term
of 3 years. Standard conditions of
supervision shall apply. Special
conditions are imposed. A special
assessment fee of $200.00, Fine of
$5000.00, and Restitution of
$80,404.00 are to be paid.

## Highest Offense Level (Opening)

Felony

## Terminated Counts

None

## Disposition

## Highest Offense Level (Terminated)

None

## Complaints

None

## Disposition

## Plaintiff

**USA**
represented by **Adam J. Bookbinder**
United States Attorney's Office
John Joseph Moakley Federal
Courthouse
1 Courthouse Way
Suite 9200
Boston, MA 02210
617-748-3112
Fax: 617-748-3960
Email: adam.bookbinder@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 08/04/2004 | 📑 1 | INDICTMENT as to Charles Patel Jr. (1) count(s) 1-2. (Gawlik, Cathy) (Entered: 08/05/2004) |

| 08/05/2004 | 🔗 | Arrest Warrant Issued as to Charles Patel Jr.. (Gawlik, Cathy) (Entered: 08/05/2004) |
|---|---|---|
| 08/05/2004 | 🔗 | Judge Joseph L. Tauro : ORDER entered ORDER REFERRING CASE to Magistrate Judge Robert B. Collings Reason for referral: pretrial proceedings as to Charles Patel Jr. (Gawlik, Cathy) (Entered: 08/05/2004) |
| 08/11/2004 | 🔗 2 | Judge Robert B. Collings : MEMORANDUM AND ORDER entered as to Charles Patel Jr. (Dolan, Kathleen) (Entered: 08/12/2004) |
| 08/11/2004 | 🔗 | ELECTRONIC Clerk's Notes for proceedings held before Judge Robert B. Collings :Arraignment as to Charles Patel Jr. (1) Count 1-2 held on 8/11/2004, Bond set as to Charles Patel Jr. (1) $50,000.00 /cash-$20,000.00, Plea entered by Charles Patel Jr. (1) Count 1-2. by Charles Patel Jr. Not Guilty on counts 1,2. Deft's counsel and Gov't's counsel agree on conditions of release. Status Conference set for 9/28/2004 11:30 AM before Robert B. Collings. (Court Reporter Tape.) (Howarth, George) (Entered: 08/12/2004) |
| 08/11/2004 | 🔗 3 | Judge Robert B. Collings : ORDER entered ORDER Setting Conditions of Release as to Charles Patel Jr. (1) $50,000.00 /cash $20,000.00 (Howarth, George) (Entered: 08/12/2004) |
| 08/11/2004 | 🔗 4 | Appearance Bond Entered as to Charles Patel Jr. in amount of $ $50,000.00, Receipt # 57845.cash in the amount of $20,000.00 (Howarth, George) (Entered: 08/12/2004) |
| 08/27/2004 | 🔗 5 | STATUS REPORT *Regarding Counsel* by Charles Patel Jr. (Galvin, Michael) (Entered: 08/27/2004) |
| 09/03/2004 | 🔗 6 | NOTICE OF ATTORNEY APPEARANCE: Michael B Galvin appearing for Charles Patel Jr. (Galvin, Michael) (Entered: 09/03/2004) |
| 09/07/2004 | 🔗 7 | MOTION to Revoke or Revise Conditions of Defendant's Pretrial Release as to Charles Patel Jr.by USA. (Abaid, Kim) Additional attachment(s) added on 9/22/2004 (Hurley, Virginia). (Entered: 09/09/2004) |
| 09/16/2004 | 🔗 | Electronic Clerk's Notes for proceedings held before Magistrate Judge Robert B. Callings :Motion Hearing as to Charles Patel Jr. held on 9/16/2004 re 7 MOTION to Revoke filed by USA. ASA Bookbinder for Govt. Michael Galvin for Mr. Patel. Defendant is not in court. Govt. argues Mr. Patel has been running a restaurant in MA not consistent with Dementia claims and 20,000 bond. Requests 24-7 full time detention with Electronic monitoring with exceptions for Doctor Appointments. Court suggests two options, Mr. Patel go on electronic monitoring pending a hearing or appears in Massachusetts for a hearing next week. Court recesses for five minutes while Mr. Galvin consults with his client. Mr. Galvin indicates his client would like to come for a hearing. Further hearing set down for 10:00 AM Wednesday September 22, 2004 wherein Mr. Patel is to appear. (Entered: 09/20/2004) |
| 09/22/2004 | 🔗 8 | Assented to MOTION to Seal *Attachments to Motion to Revoke Release* as to Charles Patel Jr.by USA. (Bookbinder, Adam) (Entered: 09/22/2004) |

| 09/22/2004 | | Electronic Clerk's Notes for proceedings held before Magistrate Judge Robert B. Collings : Motion Hearing as to Charles Patel Jr. held on 9/22/2004 re 8 Assented to MOTION to Seal Attachments to Motion to Revoke Release filed by USA, 7 MOTION to Revoke filed by USA. Adam Bookbinder for USA. Michael Galvin for Defendant. Defendant not in courtroom. Mr. Galvin agrees to Electronic monitoring on behalf of his client. Court agrees and requires the defendant to submit to electronic monitoring forthwith at his residence in California. Court to allow defendant to leave for visits with his counsel, prescheduled court appointments, and medical / doctor visits. All with written approval of pretrial services at least 48 hours in advance. In case of medical emergency defendant must notify pretrial services as soon as possible. In addition, defendant cannot open new bank or credit accounts without permission of pre-trial services. Court to allow attachments to be sealed. Initial status conference date and time changed from September 28, 2004 at 11:30 AM to October 14, 2004 at 2:30 PM. (Digital Recording) (Russo, Noreen) (Entered: 09/22/2004) |
| 09/22/2004 | | NOTICE OF RESCHEDULING as to Charles Patel Jr. Initial Status Conference set for 10/14/2004 at 2:30 PM in Courtroom 14 before Magistrate Judge Robert B. Collings. (Russo, Noreen) (Entered: 09/22/2004) |
| 09/22/2004 | | Electronic Notice of correction to docket made by Court staff. Correction: Motion to revoke or revise, #7 corrected to remove attachments now sealed by the Court as to Charles Patel Jr. (Hurley, Virginia) (Entered: 09/22/2004) |
| 09/22/2004 | 9 | Magistrate Judge Robert B. Collings : ORDER entered granting in part and denying in part 7 Government's Motion to Revoke or Revise Conditions of Defendant's Pre-Trial Release as to Charles Patel Jr.; granting 8 the assented to Motion to Seal as to Charles Patel Jr. (Russo, Noreen) (Entered: 09/23/2004) |
| 10/01/2004 | 10 | Arrest Warrant Returned Executed on August 11, 2004. as to Charles Patel Jr.. (Abaid, Kim) (Entered: 10/04/2004) |
| 10/14/2004 | 11 | Magistrate Judge Robert B. Collings : DECLARATION OF FORFEITURE OF BAIL as to Charles Patel Jr. (Russo, Noreen) (Entered: 10/18/2004) |
| 11/12/2004 | 12 | SEALED MOTION as to Charles Patel Jr.by USA. (Abaid, Kim) (Entered: 11/15/2004) |
| 11/12/2004 | 13 | SEALED MOTION as to Charles Patel Jr.by USA. (Abaid, Kim) (Entered: 11/15/2004) |
| 11/22/2004 | | Judge Robert B. Collings : Electronic ORDER entered granting [12 Sealed Motion as to Charles Patel Jr. (1) (Abaid, Kim) (Entered: 11/24/2004) |
| 11/24/2004 | | Magistrate Judge Robert B. Collings : Electronic ORDER entered granting [13 Sealed Motion as to Charles Patel Jr. (1). (Russo, Noreen) (Entered: 11/29/2004) |
| 12/20/2004 | 15 | MOTION for Bond Forfeiture Judgment as to Charles Patel Jr.by USA. (Abaid, Kim) (Entered: 12/21/2004) |

| 01/06/2005 | 🖆 | Judge Joseph L. Tauro : ElectronicORDER entered granting 15 Motion for Bond Forfeiture Judgment. (Abaid, Kim) (Entered: 01/06/2005) |
|---|---|---|
| 04/10/2006 | 🖆 | Arrest of Charles Patel, Jr in Northern District of Ohio. (Abaid, Kim) (Entered: 04/18/2006) |
| 04/11/2006 | 🖆 17 | Rule 5(c)(3) Documents Received as to Charles Patel, Jr (Abaid, Kim) (Entered: 04/18/2006) |
| 04/12/2006 | 🖆 16 | Judge Joseph L. Tauro : ORDER entered. JUDGMENT OF BOND FORFEITURE as to Charles Patel, Jr (Abaid, Kim) (Entered: 04/13/2006) |
| 04/19/2006 | 🖆 | ELECTRONIC NOTICE OF HEARING as to Charles Patel, Jr Initial Appearance on Bail / Bond Revocation Proceedings set for 4/20/2006 @ 12:00 PM in Courtroom 23 before Magistrate Judge Robert B. Collings. (Russo, Noreen) (Entered: 04/19/2006) |
| 04/20/2006 | 🖆 | ElectronicClerk's Notes for proceedings held before Magistrate Judge Robert B. Collings: Initial appearance -- Rule 5 Proceedings, after Removal from the District of Ohio as to Charles Patel, Jr. held on 4/20/2006. A. Bookbinder for Gov't; Att. Sara Noonan from Mr. Galvin's firm, M. Galvin does not appear, for Mr. Patel. Pretrial Services. Mr. Galvin will file a motion to withdraw 4/20/2006, when another attorney enters his or her appearance Court will allow. Def't is informed of reason for arrest - warrant issued after failure to appear in District of MA. Gov't is still moving for detention and def't elected to have the hearing in Mass. Def't requests a 5 day continuance as to the detention hearing. Court sets Detention hearing / counsel hearing for 4/27/2006 @ 11:45 AM. Def't is remanded to the custody of the U.S. Marshal. (Digital Recording) (Russo, Noreen) (Entered: 04/20/2006) |
| 04/20/2006 | 🖆 18 | NOTICE OF ATTORNEY APPEARANCE: Sara E. Noonan appearing for Charles Patel, Jr. (limited to 4/20/2006). (Russo, Noreen) (Entered: 04/21/2006) |
| 04/24/2006 | 🖆 19 | MOTION to Withdraw as Attorney by Michael B. Galvin. as to Charles Patel, Jr. (Galvin, Michael) (Entered: 04/24/2006) |
| 04/26/2006 | 🖆 20 | NOTICE OF ATTORNEY APPEARANCE: Robert L. Peabody appearing for Charles Patel, Jr (Peabody, Robert) (Entered: 04/26/2006) |
| 04/26/2006 | 🖆 | Notice of correction to docket made by Court staff. Correction: Previous document 20 deleted as Notice of Appearance filed with wrong def't's name. Corrected version docketed as 21, #20 deleted and #21 renumbered as document 20. (Russo, Noreen) (Entered: 04/26/2006) |
| 04/27/2006 | 🖆 | ElectronicClerk's Notes for proceedings held before Magistrate Judge Robert B. Collings :Detention Hearing as to Charles Patel, Jr held on 4/27/2006. W. Hasib standing in for AUSA Bookbinder, R. Peabody for Mr. Patel, Pretrial Services. Def't indicates that he agrees to detention without prejudice and Court sets Initial Status Conference for 6/7/2006 @ 2:45 PM. Def't remanded to the custody of the US Marshal. (Digital Recording) (Russo, Noreen) (Entered: 04/27/2006) |

| 04/28/2006 | 🖅 21 | Arrest Warrant Returned Executed on April 10, 2006 as to Charles Patel, Jr. (Abaid, Kim) (Entered: 05/01/2006) |
|---|---|---|
| 05/09/2006 | 🖅 | Judge Robert B. Collings: Electronic ORDER entered granting 19 Motion to Withdraw as Attorney. as to Charles Patel Jr. (1). Attorney Michael B. Galvin is granted leave to withdraw. The Clerk shall take the necessary steps to terminate him from the case. Attorney Robert L. Peabody has entered his appearance as counsel for the defendant. (Entered: 05/09/2006) |
| 05/09/2006 | 🖅 22 | Magistrate Judge Robert B. Collings : ORDER entered. MEMORANDUM AND ORDER OF DETENTION PURSUANT TO 18 USC s. 3142 (e) as to Charles Patel, Jr (Russo, Noreen) (Entered: 05/11/2006) |
| 05/24/2006 | 🖅 | ELECTRONIC NOTICE OF RESCHEDULING as to Charles Patel, Jr Initial Status Conference reset for 6/8/2006 @ 2:45 PM in Courtroom 23 before Magistrate Judge Robert B. Collings. (Russo, Noreen) (Entered: 05/24/2006) |
| 05/30/2006 | 🖅 23 | Assented to MOTION to Continue *Initial Status Conference* as to Charles Patel, Jr. (Peabody, Robert) (Entered: 05/30/2006) |
| 05/30/2006 | 🖅 | Magistrate Judge Robert B. Collings : ORDER entered granting 23 Motion to Continue as to Charles Patel Jr. (1) Initial Status Conference reset for 6/12/2006 @ 2:15 PM in Courtroom 23 before Magistrate Judge Robert B. Collings. (Russo, Noreen) (Entered: 05/30/2006) |
| 06/12/2006 | 🖅 24 | STATUS REPORT *(Joint) for Initial Status Conference* by Charles Patel, Jr, USA as to Charles Patel, Jr (Bookbinder, Adam) (Entered: 06/12/2006) |
| 06/12/2006 | 🖅 | ElectronicClerk's Notes for proceedings held before Magistrate Judge Robert B. Collings:Initial Status Conference as to Charles Patel, Jr held on 6/12/2006. A. Bookbinder for Gov't; R. Peabody for Deft. Upon review of joint status report, court sets 45 days before trial for Deft to turn over expert reports, 21 days before trial for Gov't. Court sets final status conference for 9/7/2006 @ 3:00 PM. Court sets deadline for cob 9/6/2006 for non-discovery motions. Deft to serve letters requesting additional discovery by 7/31/2006. Counsel makes oral motion for a detention hearing for 6/29/2006. Court sets 6/29/2006 @ 2:00 PM. (Digital Recording) (Russo, Noreen) Modified on 6/13/2006 (Abaid, Kim). (Entered: 06/12/2006) |
| 06/13/2006 | 🖅 25 | Magistrate Judge Robert B. Collings : ORDER entered. ORDER OF EXCLUDABLE DELAY as to Charles Patel, Jr Time excluded from 8/11/2004 until 8/11/2004. Time excluded from 8/12/2004 until 9/8/2004. Time excluded from 9/7/2004 until 9/22/2004. Time excluded from 9/28/2004 until 4/10/2006. Time excluded from 4/10/2006 until 4/20/2006. Time excluded from 4/20/2006 until 5/9/2006. Time excluded from 5/30/2006 until 5/30/2006. Time excluded from 6/12/2006 until 6/12/2006. Time excluded from 6/13/2006 until 9/6/2006. (Russo, Noreen) (Entered: 06/26/2006) |
| 06/13/2006 | 🖅 26 | Magistrate Judge Robert B. Collings : ORDER entered. REPORT AFTER INITIAL STATUS CONFERENCE PURSUANT TO LOCAL RULE |

| | | |
|---|---|---|
| | | 116.5(A) as to Charles Patel, Jr (Russo, Noreen) (Entered: 06/26/2006) |
| 06/13/2006 | 📎 27 | Magistrate Judge Robert B. Collings : ORDER entered. ORDER FOR FINAL STATUS CONFERENCE (L.R. 116.5(C)) as to Charles Patel, Jr. Counsel are directed to report for a Final Status Conference 9/7/2006 @ 3:00 PM. Counsel are ordered to file a Joint Final Status Report pursuant to 116.5(C)no later than 12:00 PM on 9/6/2006. (Russo, Noreen) (Entered: 06/26/2006) |
| 06/13/2006 | 📎 | Set/Reset Hearings as to Charles Patel, Jr: Final Status Conference set for 9/7/2006 @ 03:00 PM in Courtroom 23 before Magistrate Judge Robert B. Collings. (Russo, Noreen) (Entered: 08/23/2006) |
| 06/26/2006 | 📎 28 | MOTION for Release from Custody *and oppostion to detention* as to Charles Patel, Jr. (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit)(Peabody, Robert) (Entered: 06/26/2006) |
| 06/28/2006 | 📎 29 | MOTION for Detention as to Charles Patel, Jrby USA. (Attachments: # 1 Davis 302# 2 Bland 302# 3 Chandan Patel 302# 4 Reema Patel 302# 5 Michael Patel 302# 6 Alikakos 302# 7 Alikakos 2nd 302)(Bookbinder, Adam) (Entered: 06/28/2006) |
| 06/29/2006 | 📎 | ElectronicClerk's Notes for proceedings held before Magistrate Judge Robert B. Collings:Detention Hearing as to Charles Patel, Jr. held on 6/29/2006. A. Bookbinder for Gov't; R. Peabody for Def't; Tom O'Brien, PTSO. Gov't indicates that the parties have agreed not to present evidence other than the 302's that are attached to the gov'ts motion for detention. Gov't argues for detention. Def't for release. Court allows the Gov't motion for detention and orders the def't detained. Parties request further excludable time from 5/9/2006 to 5/30/2006. Court asks the parties to file a motion. Def't remanded to the custody of the US Marshal. (Digital Recording: 2:17:01-3:01:00) (Russo, Noreen) (Entered: 06/29/2006) |
| 06/29/2006 | 📎 30 | Magistrate Judge Robert B. Collings : ORDER entered. ORDER OF DETENTION PENDING TRIALas to Charles Patel, Jr. (Russo, Noreen) (Entered: 07/05/2006) |
| 06/29/2006 | 📎 | Motions terminated as to Charles Patel, Jr: 28 MOTION for Release from Custody *and oppostion to detention* filed by Charles Patel, Jr., 29 MOTION for Detention filed by USA. See Order of Detention 30 entered 6/29/06. (Russo, Noreen) (Entered: 07/18/2006) |
| 09/03/2006 | 📎 31 | Assented to MOTION to Continue *Final Status Conference 30 days* as to Charles Patel, Jr. (Peabody, Robert) (Entered: 09/03/2006) |
| 09/05/2006 | 📎 | Magistrate Judge Robert B. Collings : Electronic ORDER entered denying 31 Motion to Continue as to Charles Patel Jr. (1). DENIED. The District Judges do not permit the magistrate judges to grant continuances for the purpose asserted and thereby delay the return of the case to them. (Russo, Noreen) (Entered: 09/05/2006) |
| 09/06/2006 | 📎 32 | STATUS REPORT *For Final Status Conference* by Charles Patel, Jr, USA as to Charles Patel, Jr (Bookbinder, Adam) (Entered: 09/06/2006) |

| 09/07/2006 | ⚙ | ElectronicClerk's Notes for proceedings held before Magistrate Judge Robert B. Collings:Final Status Conference as to Charles Patel, Jr held on 9/7/2006. A. Bookbinder for Gov't; R. Peabody for Def't. Upon review of Final Status Memorandum, Court indicates that he will send case to District Judge. One question, about time table as to 18 USC s. 4241(a), Def't indicates report should be available in 2 weeks. Court gives until cob 9/28/06 for Def't to file motion, if any, regarding 4241 issues. (Digital Recording: 3:05:49-3:12:47) (Russo, Noreen) (Entered: 09/07/2006) |
| --- | --- | --- |
| 09/07/2006 | ⚙ 33 | Magistrate Judge Robert B. Collings : ORDER entered. FURTHER ORDER OF EXCLUDABLE DELAY as to Charles Patel, Jr. Time excluded from 9/7/06 until 9/7/06. Time excluded from 9/8/06 until 9/28/06. (Russo, Noreen) (Entered: 09/07/2006) |
| 09/07/2006 | ⚙ 34 | Magistrate Judge Robert B. Collings : ORDER entered. ORDER AND RECOMMENDATION AFTER FINAL STATUS CONFERENCE PURSUANT TO LOCAL RULE 116.5(C) as to Charles Patel, Jr (Russo, Noreen) (Entered: 09/07/2006) |
| 09/07/2006 | ⚙ | Case as to Charles Patel, Jr no longer referred to Magistrate Judge Robert B. Collings. (Russo, Noreen) (Entered: 09/07/2006) |
| 09/28/2006 | ⚙ 35 | MOTION for Hearing *to determine mental competency to stand trial* as to Charles Patel, Jr. (Peabody, Robert) (Entered: 09/28/2006) |
| 09/29/2006 | ⚙ 36 | SEALED MOTION as to Charles Patel, Jr. (Abaid, Kim) (Entered: 10/02/2006) |
| 10/10/2006 | ⚙ | Judge Joseph L. Tauro : Electronic ORDER entered granting 36 Sealed Motion as to Charles Patel Jr. (1) (Abaid, Kim) (Entered: 10/10/2006) |
| 10/15/2006 | ⚙ 38 | NOTICE *of certificate of service* by Charles Patel, Jr re 35 MOTION for Hearing *to determine mental competency to stand trial* (Peabody, Robert) (Entered: 10/15/2006) |
| 11/01/2006 | ⚙ | ELECTRONIC NOTICE OF HEARING ON MOTION as to Charles Patel, Jr 35 MOTION for Hearing *to determine mental competency to stand trial*: Motion Hearing set for 11/27/2006 11:00 AM in Courtroom 20 before Judge Joseph L. Tauro. (Lovett, Zita) (Entered: 11/01/2006) |
| 11/03/2006 | ⚙ 39 | MOTION for Psychiatric Exam *By Court-Appointed Expert to Determine Competency* as to Charles Patel, Jrby USA. (Bookbinder, Adam) (Entered: 11/03/2006) |
| 11/27/2006 | ⚙ | Judge Joseph L. Tauro : Electronic ORDER entered granting 39 Motion for Psychiatric Exam as to Charles Patel Jr. (1) (Abaid, Kim) (Entered: 11/27/2006) |
| 11/27/2006 | ⚙ | ElectronicClerk's Notes for proceedings held before Judge Joseph L. Tauro :Status Conference as to Charles Patel, Jr held on 11/27/2006; counsel to submit names of three doctors to the court for competency hearing. (Court Reporter Carol Scott.) (Lovett, Zita) (Entered: 11/28/2006) |

| 12/07/2006 | 📎 40 | Joint MOTION for Excludable Delay from 9/29/06 to Date of Competency Hearing as to Charles Patel, Jrby Charles Patel, Jr, USA. (Bookbinder, Adam) (Entered: 12/07/2006) |
| --- | --- | --- |
| 12/08/2006 | 📎 41 | RESPONSE TO COURT ORDER by Charles Patel, Jr, USA as to Charles Patel, Jr (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit)(Peabody, Robert) (Entered: 12/08/2006) |
| 01/09/2007 | 📎 42 | Judge Joseph L. Tauro : ORDER Appointing Expert as to Charles Patel, Jr. (Abaid, Kim) (Entered: 01/10/2007) |
| 05/17/2007 | 📎 43 | MOTION for Order *to review defendant's medical records* as to Charles Patel, Jr. (Attachments: # 1 Text of Proposed Order)(Peabody, Robert) (Entered: 05/17/2007) |
| 05/23/2007 | 📎 | Judge Joseph L. Tauro : Electronic ORDER entered granting 43 Motion for Order as to Charles Patel Jr. (1) (Abaid, Kimberly) (Entered: 05/24/2007) |
| 05/23/2007 | 📎 44 | Judge Joseph L. Tauro : ORDER entered as to Charles Patel, Jr. (Abaid, Kimberly) Additional attachment(s) added on 5/29/2007 (Abaid, Kimberly). (Entered: 05/24/2007) |
| 06/12/2007 | 📎 45 | Sealed Document (Abaid, Kimberly) (Entered: 06/13/2007) |
| 06/25/2007 | 📎 46 | Sealed Document (Abaid, Kimberly) (Entered: 06/26/2007) |
| 08/02/2007 | 📎 | ELECTRONIC NOTICE OF HEARING as to Charles Patel, JrHearing set for 9/6/2007 02:15 PM in Courtroom 20 before Judge Joseph L. Tauro. (Lovett, Zita) (Entered: 08/02/2007) |
| 08/27/2007 | 📎 47 | MOTION for Order of Competency to Stand Trial as to Charles Patel, Jrby USA. (Attachments: # 1 Exhibit Davis 302# 2 Exhibit Bland 302# 3 Exhibit Alikakos 302# 4 Exhibit Alikakos 2nd 302)(Bookbinder, Adam) (Entered: 08/27/2007) |
| 08/27/2007 | 📎 48 | MOTION to Seal *supplemntal report of dr. jerome rogoff re: competency* as to Charles Patel, Jr. (Peabody, Robert) (Entered: 08/27/2007) |
| 08/27/2007 | 📎 49 | Sealed Document - Report of Dr. Jerome Rogoff, M.D. (Attachments: # 1 Exhibit A)(Abaid, Kimberly) (Entered: 08/28/2007) |
| 08/28/2007 | 📎 | Judge Joseph L. Tauro : Electronic ORDER entered granting 48 Motion to Seal as to Charles Patel Jr. (1) (Abaid, Kimberly) (Entered: 08/28/2007) |
| 09/04/2007 | 📎 50 | AFFIDAVIT of Robert L. Peabody Esq by Charles Patel, Jr 35 MOTION for Hearing *to determine mental competency to stand trial* filed by Charles Patel, Jr. (Peabody, Robert) Modified on 9/4/2007 (Abaid, Kimberly). (Entered: 09/04/2007) |
| 09/06/2007 | 📎 | Electronic Clerk Notes for proceedings held before Judge Joseph L. Tauro : Motion Hearing as to Charles Patel, Jr held on 9/6/2007 re 47 MOTION for Order of Competency to Stand Trial filed by USA, 35 MOTION for Hearing *to determine mental competency to stand trial* filed by Charles Patel, Jr.. (Court Reporter Carol Scott.) (Lovett, Zita) (Entered: 09/06/2007) |

| | | |
|---|---|---|
| 09/06/2007 | 📄 | Electronic Clerk Notes for proceedings held before Judge Joseph L. Tauro : Motion Hearing as to Charles Patel, Jr held on 9/6/2007 re 47 MOTION for Order of Competency to Stand Trial filed by USA. Motion Under Advisement.Counsel to submit Proposed Findings of Fact with supporting memorandum, 30 daysafter having received the transcript of today's hearing. (Court Reporter Carol Scott.) (Lovett, Zita) (Entered: 09/06/2007) |
| 09/06/2007 | 📄 | Judge Joseph L. Tauro : Electronic ORDER entered granting 40 Motion to Exclude as to Charles Patel Jr. (1) (Abaid, Kimberly) (Entered: 09/06/2007) |
| 09/13/2007 | 📄 51 | TRANSCRIPT of Compentency Hearing as to Charles Patel, Jr held on September 6, 2007 before Judge Tauro. Court Reporter: Carol Lynn Scott. The original transcripts are maintained by the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/330-1377 or the Clerk's Office. (Scalfani, Deborah) (Entered: 09/13/2007) |
| 10/16/2007 | 📄 52 | PROPOSED Finding of Facts submitted by USA as to Charles Patel, Jr (Bookbinder, Adam) Modified on 10/17/2007 (Abaid, Kimberly). (Entered: 10/16/2007) |
| 10/18/2007 | 📄 53 | PROPOSED Findings of Fact submitted to the Court by Charles Patel, Jr (Peabody, Robert) Modified on 10/18/2007 (Abaid, Kimberly). (Entered: 10/18/2007) |
| 10/18/2007 | 📄 54 | MEMORANDUM in Support by Charles Patel, Jr re 53 Proposed Findings of Facts. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D)(Peabody, Robert) Modified on 10/19/2007 (Abaid, Kimberly). (Entered: 10/18/2007) |
| 11/01/2007 | 📄 55 | Joint MOTION for Excludable Delay from 9/6/07 to Next Status Conference as to Charles Patel, Jrby Charles Patel, Jr, USA. (Bookbinder, Adam) (Entered: 11/01/2007) |
| 11/05/2007 | 📄 | Judge Joseph L. Tauro : Electronic ORDER entered granting 55 Motion to Exclude as to Charles Patel Jr. (1) (Lovett, Zita) (Entered: 11/05/2007) |
| 11/27/2007 | 📄 56 | Judge Joseph L. Tauro : MEMORANDUM and ORDER as to Charles Patel, Jr. (Lovett, Zita) Additional attachment(s) added on 11/27/2007 (Lovett, Zita). Modified on 11/28/2007 (Abaid, Kimberly). (Entered: 11/27/2007) |
| 11/27/2007 | 📄 | Motions terminated as to Charles Patel, Jr: 35 MOTION for Hearing *to determine mental competency to stand trial* filed by Charles Patel, Jr., 47 MOTION for Order of Competency to Stand Trial filed by USA. (Lovett, Zita) (Entered: 11/27/2007) |
| 11/29/2007 | 📄 | ELECTRONIC NOTICE OF HEARING as to Charles Patel, Jr Change of Plea Hearing set for 1/3/2008 11:30 AM in Courtroom 20 before Judge Joseph L. Tauro. (Lovett, Zita) (Entered: 11/29/2007) |
| 12/05/2007 | 📄 | ELECTRONIC NOTICE CANCELING HEARING OR OTHER DEADLINE as to Charles Patel, Jr. Hearing canceled: 1/3/2008 (change of plea). (Lovett, Zita) (Entered: 12/05/2007) |

| 12/05/2007 | 🖼 | ELECTRONIC NOTICE OF HEARING as to Charles Patel, Jr Plea and Sentence set for 1/14/2008 02:00 PM in Courtroom 20 before Judge Joseph L. Tauro. (Lovett, Zita) (Entered: 12/05/2007) |
|---|---|---|
| 01/10/2008 | 🖼 57 | SENTENCING MEMORANDUM by Charles Patel, Jr (Attachments: # 1 plea agreement, # 2 Dr. Kesselheim 1/9 report)(Peabody, Robert) (Entered: 01/10/2008) |
| 01/16/2008 | 🖼 | ELECTRONIC NOTICE OF HEARING as to Charles Patel, Jr Plea and Sentence set for 1/18/2008 10:00 AM in Courtroom 20 before Judge Joseph L. Tauro. (Lovett, Zita) (Entered: 01/16/2008) |
| 01/18/2008 | 🖼 | Electronic Clerk Notes for proceedings held before Judge Joseph L. Tauro: Change of Plea Hearing as to Charles Patel, Jr held on 1/18/2008, Plea entered by Charles Patel Jr. (1) Guilty Count 1-2.. (Court Reporter Carol L. Scott.)(Attorneys present: Bookbinder for Govt, Peabody for Deft.) (Abaid, Kimberly) (Entered: 01/22/2008) |
| 01/18/2008 | 🖼 58 | PLEA AGREEMENT as to Charles Patel, Jr (Abaid, Kimberly) (Entered: 01/22/2008) |
| 01/18/2008 | 🖼 | Electronic Clerk Notes for proceedings held before Judge Joseph L. Tauro: Sentencing held on 1/18/2008 for Charles Patel, Jr. (1), Count(s) 1-2, The defendant is sentenced to: Time served. Supervised Release for a term of 3 years. Standard conditions of supervision shall apply. Special conditions are imposed. A special assessment fee of $200.00, Fine of $5000.00, and Restitution of $80,404.00 are to be paid. (Court Reporter Carol L. Scott.)( Attorneys present: Bookbinder for Govt, Peabody for Deft, Clerk: Zita Lovett) (Abaid, Kimberly) (Entered: 01/30/2008) |
| 01/29/2008 | 🖼 59 | Judge Joseph L. Tauro: ORDER entered. JUDGMENT as to Charles Patel, Jr. (1), Count(s) 1-2, The defendant is sentenced to: Time served. Supervised Release for a term of 3 years. Standard conditions of supervision shall apply. Special conditions are imposed. A special assessment fee of $200.00, Fine of $5000.00, and Restitution of $80,404.00 are to be paid. (Abaid, Kimberly) (Entered: 01/30/2008) |
| 01/30/2008 | 🖼 | Case Terminated as to Charles Patel, Jr (Abaid, Kimberly) (Entered: 01/30/2008) |
| 07/08/2008 | 🖼 60 | Probation Jurisdiction Transferred to California as to Charles Patel, Jr Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (Abaid, Kimberly) (Entered: 07/08/2008) |